4. LANDLORD AND TENANT, § 84*—*inadmissibility of parol evidence to aid construction.* Where a bill to restrain the interference with a certain water supply reserved to the complainant in a lease predicates a right to relief upon an alleged oral agreement entered into between the lessor and lessee contemporaneous with the written contract under seal, it is inadmissible to vary the terms of the written contract, as the leasehold contract cannot rest partly in writing and partly in parol.

5. LANDLORD AND TENANT, § 84*—*when the doctrine of practical construction may be invoked.* In an action to restrain a lessee from interference with lessor's water supply alleged to be reserved in a lease, the doctrine of practical construction may only be properly resorted to when the terms of the contract are uncertain and ambiguous.

---

## Albert A. Newman, Defendant in Error, v. Newman Clock Company, Plaintiff in Error.

### Gen. No. 19,193.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed. Opinion filed February 3, 1915. Rehearing denied February 18, 1915.

### Statement of the Case.

Action by Albert A. Newman against Newman Clock Company, a corporation, to recover monthly instalments of salary due under a written contract of employment. From a judgment on a directed verdict in favor of plaintiff for seven hundred and fifty dollars, defendant brings error.

AMOS W. MARSTON, for plaintiff in error.

ELMER E. JACKSON and NEWMAN, LEVINSON, BECKER & CLEVELAND, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

1. Contracts, § 294*—*performance as condition precedent to recovery on.* Where a plaintiff causes the record to show that he elects to stand by his amended and supplemental bill and permits the same to be dismissed for want of jurisdiction at his costs and appeals on the record to reverse the order appealed from, it constitutes such a breach of his covenant to "forthwith discontinue" all suits against defendant as to preclude his recovery for salary on a written contract of employment containing such covenant for discontinuance of all suits.

2. Contracts, § 294*—*sufficiency of performance to assert rights.* Where under a written contract of employment it is agreed that all suits brought by plaintiff against a defendant corporation and its directors, or any of them, and by defendant corporation against said plaintiff shall be forthwith discontinued without costs to either party as against the other, plaintiff will not be heard to say that his appeal from an order of the Federal courts was to permit a proper adjudication as to the disposition of funds in the hands of a receiver, in an action by him to recover unpaid instalments of his salary.

---

## B. A. Lynch, Plaintiff in Error, v. Charles Eifler and Bertha Eifler, Defendants in Error.

### Gen. No. 19,229.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Joseph P. Rafferty, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1913.   Reversed and judgment here.   Opinion filed February 3, 1915.

## Statement of the Case.

Action by B. A. Lynch against Charles Eifler and Bertha Eifler to recover balance due on contract for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number. .